UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation and LATIN POWER MUSIC USA, LLC, a California limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMG RECORDINGS, INC., UNIVERSAL MUSIC LATIN ENTERTAINMENT, DISA LATIN MUSIC, VICTOR GONZALEZ, ANTONIO SILVA, CORPORATIVO LATIN POWER MUSIC SA DE CV and JOSE SERRANO MONTOYA,<br><br>    Defendants. | No. 1:22-cv-01109-JAM-CSK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |

PROCEDURAL HISTORY

Currently pending before this Court is Corporativo Latin Power Music SA de CV ("LPM Mexico") and Jose Serrano Montoya's ("Serrano") (collectively, the "Serrano Defendants") motion to set aside the Clerk's defaults entered against Defendant Serrano on January 20, 2023 and Defendant LPM Mexico on January 24, 2023. See Mot., ECF Nos. 17, 19. Plaintiffs submitted an opposition,

1

Opp'n, ECF No. 68, and Defendants replied, Reply, ECF No. 74. For the reasons provided herein, the Court GRANTS Defendants' motion to set aside the clerk's defaults.[1]

## I. BACKGROUND

On August 31, 2022, Plaintiffs Yellowcake and LPM USA filed their initial Complaint alleging various copyright infringement, breach of contract, and related claims arising out of the exploitation of certain sound recordings by Defendants UMG Recordings, Inc. ("UMRI"), Universal Music Latin Entertainment ("UMLE"), and Disa Latin Music ("Disa") that Plaintiffs allege to have acquired.  Plaintiffs allege that they properly served Defendants at a business meeting on October 27, 2022.  See Opp'n at 2, 4; ECF Nos. 8, 9.  Defendants subsequently did not respond and defaults were entered against them.  See ECF Nos. 17, 19. Defendants now argue that service was improper and seek to set aside the defaults that were entered.  See Mot. at 11.

## II. OPINION

A. Legal Standard

Under Federal Rule of Civil Procedure 55, a court may set aside an entry of default for "good cause."  The Ninth Circuit evaluates "good cause" by assessing three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 21, 2025.

1  aside the default would prejudice the plaintiff.  U.S. v. Signed
2  Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091
3  (9th Cir. 2010) (Mesle), quoting Franchise Holding II, LLC v.
4  Huntington Rests. Grp., Inc., 375 F. 3d 922, 926 (9th Cir. 2004).
5  District courts generally grant motions to set aside a default
6  unless the default was willful, the plaintiff will be prejudiced,
7  or the defendant has no meritorious defense.  See In re
8  Dierschke, 975 F.2d 181, 183-184 (5th Cir. 1992).  Moreover, the
9  "court's discretion is especially broad where . . . it is entry
10 of default that is being set aside, rather than a default
11 judgment."  O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir.
12 1994).
13      As a general matter, courts favor the resolution of cases on
14 the merits.  The Ninth Circuit has emphasized that resolution of
15 a motion to set aside the entry of default is necessarily
16 informed by well-established policies favoring resolution of
17 cases on their merits and generally disfavoring default
18 judgments.  See Mesle, 615 F.3d at 1091 ("judgment by default is
19 a drastic step appropriate only in extreme circumstances; a case
20 should, whenever possible, be decided on the merits") (citations
21 and quotation marks omitted); Westchester Fire Ins. Co. v.
22 Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("[a]s a general
23 rule, default judgments are disfavored; cases should be decided
24 upon their merits whenever reasonably possible"); Dierschke, 975
25 F.2d. at 183 ("courts universally favor trial on the merits");
26 Assemi v. Assemi, 2024 WL 4668246, at *1 (E.D. Cal.
27 2024)("[c]rucially, however, 'judgment by default is a drastic
28 step appropriate only in extreme circumstances; a case should,

whenever possible, be decided on the merits'"), quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

    B.    Analysis

        1.    Culpable Conduct

Plaintiffs have not demonstrated that Defendants exhibited culpable conduct when they failed to submit an answer. A defendant "is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "[T]he term 'intentionally' means that a [defendant] cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" Mesle, 615 F.3d at 1092, quoting TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001).

Plaintiffs and Defendants disagree about the validity of the original service and offer conflicting declarations describing the meeting where Serrano was served. Defendants' claim deficient process because Serrano is a non-English speaker and believed that the envelope he received contained contracts instead of process papers. See Mot. at 11. On the other hand, Plaintiffs' claim that their process server properly informed Serrano that he had been served. See Opp'n at 5-6. In the face of conflicting declarations, Plaintiffs have not met their burden to establish bad faith or any intention to manipulate the

4

legal process attributable to the Defendants.  Instead, Defendants have provided a good faith explanation for their delay and in the absence of other equitable factors such as prejudice, "simple carelessness" is not sufficient to deny a defendant's motion to set aside default judgment.  See Mesle, 615 F.3d at 1093.

### 2. Defendants' Meritorious Defenses

Defendants have also provided potentially meritorious defenses, which weighs in favor of setting aside the entry of default.  In their motion, Defendants attach a proposed answer with twenty-five affirmative defenses as well as a series of proposed counterclaims.  See Mot. Exs. 1, 2.  A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  Hawaii Carpenters' Tr. Funds, 794 F.2d 508 at 513.

Plaintiffs' main argument against Defendants' potential defenses is that Defendants' counterclaims are not viable because the statute of limitations has expired for those claims. However, even if the initial breaches of contract may have occurred in 2019, Defendants' counterclaims are based on Plaintiffs' ongoing obligation to pay LPM Mexico's royalties. As Defendants point out, continuing claims and obligations to pay are not time-barred because a cause of action accrues each time a wrongful act occurs.  See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1388-89 (2004).  Thus, each time a royalty has not been paid, a new periodic injury has occurred.  See Peterson v. Highland Music,

1  Inc., 140 F.3d 1313, 1321 (9th Cir. 1998).  Thus, Defendants
2  have shown that they have potentially viable defenses and
3  counterclaims.
4           3.   Lack of Prejudice
5     Plaintiffs argue that they would be prejudiced because
6  setting aside the default would cause a delay to the resolution
7  of this case and increased litigation costs.  However, these
8  arguments are not persuasive because prejudice does not result if
9  a party is merely forced to litigate the merits of their case.
10 See TCI Grp. Life Ins. Plan, 244 F.3d at 701.
11    While substantial time has passed since the entry of
12 default, Plaintiffs currently have submitted a pending motion to
13 amend their existing First Amended Complaint and argue that no
14 ultimate prejudice would result to Defendants by altering their
15 pleadings.  See ECF No. 47.  In their own submissions, Plaintiffs
16 repeatedly argue that no prejudice would result from granting
17 leave to file a Second Amended Complaint since "discovery is
18 nowhere near complete . . . and no depositions have been
19 conducted."  See ECF No. 47-1 at 18-19; ECF No. 60 at 3.  Given
20 that Plaintiffs themselves seek to add new defendants and claims
21 that would require a new scheduling order with extended discovery
22 deadlines, the Court finds that Plaintiffs would not be subject
23 to any undue delay caused by setting aside the clerk's entry of
24 default.
25
26              III.   CONCLUSION
27    The Court finds that Defendants have shown good cause to set
28 aside the Clerk's defaults.  Because Defendants have not

6

exhibited culpable conduct, presented potentially meritorious defenses, and lack of prejudice, an adjudication on the merits of the case is appropriate in line with the general judicial preference for resolving cases on their merits.

## IV.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Set Aside the Clerk's Defaults.

IT IS SO ORDERED.

Dated: January 27, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE