UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., Plaintiff, v. UMG RECORDINGS, INC., et al., Defendant. | Case No. 1:22-cv-01109-JAM-CSK<br><br>FINDINGS & RECOMMENDATIONS<br>(ECF No. 101) |

Pending before the Court is Plaintiffs Yellowcake, Inc. and Latin Power Music USA, LLC's motion for default and default judgment against Defendant Universal Music Group Mexico, S.A. DE C.V.[1] (ECF No. 101.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the July 28, 2026 hearing.

For the reasons that follow, the Court recommends DENYING Plaintiffs' motion for default judgment.

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

## I. BACKGROUND

### A. Factual Allegations

Plaintiffs Yellowcake, Inc. and Latin Power Music USA, LLC allege that they are the copyright holders of sound recordings whose rights were infringed "by the unauthorized sale, distribution, synchronization, creation of derivative works, and public performance thereof via digital limitation on online platforms." Second Amended Complaint ("SAC") at ¶¶ 1-3. Plaintiffs also allege that Defendants have withheld revenue to recoup cash advances to other Defendants that was otherwise owed to Plaintiff Yellowcake. SAC at ¶ 5.

### B. Procedural Posture

Plaintiffs Yellowcake, Inc. and Latin Power Music USA, LLC initiated this action by filing the Complaint on August 31, 2022. (ECF No. 1.) On January 28, 2025, Plaintiffs filed a Second Amended Complaint against Defendants UMG Recordings, Inc., Universal Music Latin Entertainment, Disa Latin Music, Victor Gonzalez, Antonio Silva, Corporativo Latin Power Music SA de CV, Jose Serrano Montoya, and adding Universal Music Group Mexico SA de CV (hereinafter "UMG Mexico") as a new defendant. (ECF No. 80.) On April 25, 2025, Plaintiffs filed a motion for a 365-day extension of time to serve Defendant UMG Mexico, which was granted by the district court on June 4, 2025. (ECF No. 86, 87.) On December 29, 2025, Plaintiffs filed another motion for an extension of time to serve Defendant UMG Mexico and to grant alternative service. (ECF No. 89.) On April 1, 2026, the district court granted Plaintiff's request for an extension of time to serve Defendant UMG Mexico, but denied Plaintiff's request for alternative service. (ECF No. 97.) The District Court noted that no further requests for an extension of time to serve Defendant UMG Mexico would be permitted. *Id*.

On May 26, 2026, Plaintiffs filed a motion for default, motion for default judgment, and motion for reconsideration of the District Court's April 1, 2026 ruling with a hearing noticed for July 28, 2026. (ECF No. 101.) On June 9, 2026, Defendants UMG Recordings, Disa Latin Music and Universal Music Latin Entertainment objected to

Plaintiffs' motions for default, default judgment, and reconsideration. (ECF No. 103.) Plaintiffs replied to the opposition on June 16, 2026. (ECF No. 104.) On June 18, 2026, Defendants Corporativo Latin Power Music SA de CV and Jose Serrano Montoya also opposed Plaintiffs' motions for default, default judgment, and reconsideration. (ECF No. 105.) Plaintiffs replied to the opposition on June 29, 2026. (ECF No. 106.) On July 13, 2026, the undersigned vacated the hearing noticed for July 28, 2026, submitted the motion for default and motion for default judgment on the record and written briefing pursuant to Local Rule 230(g), and indicated that the motion for reconsideration should be decided by the district court. (ECF No. 107.) On August 25, 2026, the district court denied Plaintiff's motion for reconsideration. (ECF No. 112.) The district court noted that "Plaintiffs are not without recourse given they can file their claims against UMG Mexico in Mexico, where the relevant parties and contracts are located." *Id.*

## II. LEGAL STANDARDS

### A. Default Judgment

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pleaded allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. See Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp*., 559 F.2d 557, 560 (9th Cir. 1977).

## III. DISCUSSION

Plaintiff moves for default and default judgment against Defendant UMG Mexico pursuant to Article 15 of the Hague Service Convention. Pl. Mot. Default J. at 4-5 (ECF No. 101). Defendants UMG Recordings, Inc., Disa Latin Music, and Universal Music Latin Entertainment oppose Plaintiff's motion for default and motion for default judgment, arguing that Mexico does not recognize Article 15 of the Hague Convention, and that granting Plaintiffs' motion risks inconsistent judgments between defendants. *See* Def. UMG Opp. Default J. at 3-6 (ECF No. 103). Defendants Latin Power Music SA de CV and Jose Serrano Montoya filed an opposition, seconding the other defendants' opposition's arguments regarding the risk of inconsistent judgments and further arguing that granting Plaintiff's motion would improperly adjudicate the rights of non-defaulting parties, that Plaintiff Yellowcake, Inc.  lacks standing to obtain the declaratory and

injunctive relief contained in the proposed order for default judgment, and that Defendant UMG Mexico was never served. *See* Latin Power Music Opp. Default J. at 3-7 (ECF No. 105). Because the Court recommends denying Plaintiff's motion for default and default judgment under Article 15 of the Hague Convention, it will not address the remaining arguments.

**A. Service of the Complaint**

In reviewing a motion for default judgment, the court must first determine whether the defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c). Foreign corporate defendants may be served in any manner as a foreign individual outlined in Federal Rule of Civil Procedure 4(f), except for personal delivery of service. Fed. R. Civ. P. 4(h). Federal Rule of Civil Procedure 4(f) allows for service of individuals in a foreign country "by any international means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Foreign individuals may be served by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Mexico has objected to alternative methods for service outlined in Article 10 of the Hague Convention, making service through Mexico's Central Authority for Service pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (hereinafter "Central Authority") the exclusive method to serve Defendant UMG Mexico. *See OGM, Inc. v. Televisa S.A. de C.V.*, 2009 WL 1025971, at *1, 3 (C.D. Cal. Apr. 15, 2009). Plaintiffs argue that service through Mexico's Central Authority is "notoriously slow" and may take between six to twelve months before a response or certificate of service is returned. Pl. Mot. Default J. at 2.

Although Plaintiffs allege that they transmitted the summons and the SAC to Mexico's central authority, Plaintiffs concede that service has not been effectuated upon Defendant UMG Mexico due to not having received a certificate of service or other

response for over twelve months. *See* Pl. Mot. Default J. at 3-4. Because Defendant UMG Mexico has not been served, it is not in default. *See Davis v. Jaques*, 2024 WL 2834385, at *1 (E.D. Cal. Jun. 4, 2024).

Plaintiffs argue that an exception applies under Article 15 of the Hague Service Convention where the court may grant default and default judgment without a certificate of service. Pl. Mot. Default J. at 4-5. Plaintiffs argue that Article 15 of the Hague Service Convention permits an entry of default and default judgment where there is a showing of "every reasonable effort… made to obtain [a certificate of service] through the competent authorities of the state addressed," "a time period of not less than six months… has elapsed since the date of transmission of the document, and no certificate of any kind has been received." *Id*. (quoting Hague Service Convention Art. 15). Plaintiffs argue that because more than twelve months have lapsed since transmission of documents to Defendant UMG Mexico, default should be entered and default judgment should be granted. *Id*. at 5.

The Court recognizes that Article 15 of the Hague Convention is a "relatively unexplored area of law" and is "wary about granting default judgment without any indication of actual notice from Defendant." *See Lonati, S.p.A. v. Soxnet, Inc*., 2021 WL 9839476, at *2-3 (C.D. Cal. Sept. 20, 2021). Additionally, as stated in the district court's order denying Plaintiffs' motion for reconsideration: "Plaintiffs are not without recourse given they can file their claims against [Defendant] UMG Mexico in Mexico." 8/25/2026 Order Den. Mot. Recons. (ECF No. 112). Therefore, the Court recommends denying Plaintiffs' motion for default and default judgment against Defendant UMG Mexico.

## IV. CONCLUSION

Based upon the findings above, it is RECOMMENDED that Plaintiffs' motion for default and default judgment against Defendant UMG Mexico (ECF No. 101) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, yell.1109.22.mdj